UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-80225-ROSENBERG

RONALD L. RUBIN, as Trustee of the
Second Amended and Restated Walter H.
Rubin Declaration of Trust, as amended,

    Plaintiff,

v.

RANDI BARRETT, individually, and as
attorney in fact of LUCILLE RUBIN;
ROBERTA LEHRMAN, Individually, and
as attorney in fact of LUCILLE RUBIN;
and LUCILLE RUBIN, an incapacitated
individual, through her agents and attorneys
in fact, Randi Barrett and Roberta Lehrman,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO ABSTAIN

**THIS CAUSE** is before the Court on the Defendants' Motion to Abstain at docket entry 17. The Motion has been fully briefed. For the reasons set forth below, the Motion is granted.

The Plaintiff filed this declaratory action, seeking a declaration that a certain operating agreement (for a limited liability company) is invalid and that the Defendants are not members of a liability company. In response, the Defendants filed the Motion to Abstain before the Court.

The Defendants request that this Court abstain from exercising jurisdiction over the Plaintiff's request for declaratory relief. For support, the Defendants cite to *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942), a case that stands for the proposition that district courts have discretion in deciding whether to entertain requests for declaratory relief. This Court should exercise its discretion in favor of abstention, the Defendants argue, because the limited liability company operating agreement at issue, and the rights of certain individuals in membership interests of the company, are currently being litigated in state court and have been litigated for

quite some time. Indeed, there had been no fewer than seven state[1] court cases litigating issues related to the dispute before the Court.

The Court takes judicial notice of the state court proceedings, which date back 2021. Briefly summarized, the limited liability company—WLR Holdings—previously belonged to Walter and Lucille Rubin. DE 1 at 3. After Walter Rubin died, Lucille Rubin was the only remaining member. *Id.* But Lucille Rubin was diagnosed with Alzheimer's disease and, as a result, the legal validity of her subsequent actions has been heavily litigated. *Id.* The parties have litigated in state court Lucille's mental capacity and guardianship, the estate resulting from Walter's death, and they have also litigated the question of who owns and controls WLR Holdings. *Id.* In sum, the parties' central dispute—ownership of WLR Holdings—is deeply intertwined with past and future proceedings in state court.

This Court may decline to exercise jurisdiction over a request for declaratory relief when the state's interest in having the issues decided in state court are strong, when federal jurisdiction over the same issues would encroach on state courts, and when the state court is in a better position to exercise jurisdiction over the matter. *E.g., Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1331 (11th Cir. 2005). These factors weigh strongly in favor of abstention in this case, and for all of the reasons set forth in the Defendants' Motion and Reply,[2] the Court is persuaded that it should abstain.

For the foregoing reasons, it is **ORDERED AND AJUDGED** that the Defendants' Motion

---

[1] The parties' disputes over company ownership have also resulted in one related federal lawsuit, case 21-CV-82014, which Judge Kenneth A. Marra dismissed for lack of jurisdiction.

[2] Although the Plaintiff argues that there is one count that is not a request for declaratory relief, the Court is persuaded for the reasons set forth in the Motion and Reply that the Plaintiffs' argument is irrelevant—the one count for an accounting is only cognizable if the Plaintiff *prevails* on the declaratory relief counts; the Plaintiff's non-declaratory count is therefore contingent upon the declaratory relief counts. *See Gregory Haskin Chiropractic Clinics, Inc. v. State Farm Mut. Auto. Ins. Co.*, 391 F. Supp. 1151, 1155 (S.D. Fla. 2019).

to Abstain [17] is **GRANTED**, the Plaintiff's case is **DISMISSED**, and the Clerk of the Court shall **CLOSE THIS CASE**.

    **DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 13th day of June, 2024.

                                                                            _____
                                                                            ROBIN L. ROSENBERG

Copies furnished to Counsel of Record        UNITED STATES DISTRICT JUDGE